```
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 07 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WADE B. LAUGHLIN,<br>    Plaintiffs, | )<br>)  Civil Action No. 7:07cv00491<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| MAYOR OF DUFFIELD, VA, <u>et al.</u>,<br>    Defendants. | )  By: Hon. Glen E. Conrad<br>)  United States District Judge |

Wade B. Laughlin, a Virginia inmate or pre-trial detainee[1] proceeding <u>pro se</u>, filed this civil rights action under 42 U.S.C. §§ 1983 and 1985. Plaintiff requests damages in the amount of $100,000. Having reviewed the complaint, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2],[3]

### I. Factual Background

As noted, plaintiff is presently incarcerated in the Duffield facility of the Southwest Virginia Regional Jail Authority ("Duffield"). He alleges that inmates at Duffield are subjected to "unsanitary eating conditions" because "[f]ood trays are contaminated by being placed on the floor outside of our cells. . . ." In his view, the "[d]eplorable condition in which we eat, can and will lead to health problems and disease."

---

[1] It is unclear whether plaintiff is an inmate or a pre-trial detainee; however, it is clear that he is presently held in custody at the Southwest Virginia Regional Jail Authority facility in Duffield, Virginia, and that he complains of conditions in that facility.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] The court also notes that none of the named defendants is a proper defendant in an action pursuant to § 1983. <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>McCoy v. Chesapeake Correctional Center</u>, 788 F. Supp. 890 (E.D. Va. 1992). However, even were the court to grant plaintiff the opportunity to amend to name proper defendants, his claim would still fail for the reasons stated herein.

## II. Section 1983 Claim

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickler, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Applying these principles to plaintiff's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. Plaintiff complains of no injury whatsoever. Given that the injuries plaintiff anticipates – that having his food tray placed on the floor outside of his cell door "can and will lead to health problems and disease" – are entirely speculative, they are not sufficiently serious to rise to the level of an Eighth Amendment violation. There is no indication that the complained-of actions have resulted in any injury, much less a serious or significant injury. See

Strickler, 989 F.2d at 1380-1381; see also Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis). Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pain, dizziness, sinus problems, headaches, and fatigue were "objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156, 158-159 (7th Cir. 1996) (holding that an inmate failed to demonstrate a serious medical need for purposes of the Eighth Amendment, where the inmate alleged that exposure to environmental tobacco smoke was causing nausea, wheezing, shortness of breath, and dizziness); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted); Martin v. Arpaio, 2006 U.S. Dist. LEXIS 83330, at *10 (D. Ariz. Nov. 14, 2006) (holding that an inmate's allegation of cramping, diarrhea, and vomiting appeared to be de minimis); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *14-16 (S.D. N.Y. Sept. 4, 2003) (holding that none of the inmate's individual ailments were sufficiently serious for purposes of the Eighth Amendment where the inmate alleged that he was suffering from chest pain, nausea, the "inability to 'keep food down'"; rapid weight loss; and dizziness).

The court has noted that plaintiff may be or may have been a pre-trial detainee at some time during his confinement at Duffield. The claims of a state pre-trial detainee should be evaluated under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional

3

principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs). Conditions of confinement cannot be considered punishment so long as they are rationally connected to a legitimate, non-punitive penological purpose and are not excessive in relation to that purpose. Bell, 441 U.S. at 535-538. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. In the instant case, plaintiff has not demonstrated that the complained-of conditions amount to punishment because, as the court has already explained, plaintiff has not alleged anything more than speculative injury.

For these reasons, plaintiff's § 1983 claim will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

### III. Section 1985 Claim

Plaintiff also states that he brings this complaint pursuant to 42 U.S.C. § 1985, which prohibits two or more persons from conspiring for the purpose of depriving a person or class of persons of the equal protection of the laws. However, the complaint contains insufficient allegations to state a claim under this statute. A properly asserted conspiracy claim under § 1985 must contain allegations of an agreement to violate the plaintiff's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id. at 1377. In this case, the plaintiff merely lists the statute in the heading of his complaint, and does not identify any specific evidence whatsoever of an agreement to violate his civil rights. Consequently, the plaintiff's conspiracy claim under § 1985 will be

4

Case 7:07-cv-00491-GEC-mfu   Document 2   Filed 11/07/07   Page 4 of 5   Pageid#: 8

dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

## IV. Conclusion

For the reasons stated, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 7th day of November, 2007.

*/s/ Judge Conrad*
United States District Judge

5

Case 7:07-cv-00491-GEC-mfu   Document 2   Filed 11/07/07   Page 5 of 5   Pageid#: 9